# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 06 C 6710 |
| v. | ) ) | Judge Kennelly |
| GLENAR CONSTRUCTION, INC., an Illinois corporation, and TOM NEWCOMER, | ) ) ) | |
| Defendant. | ) | |

## MOTION TO REINSTATE AND CONFESS JUDGMENT

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the

Health and Welfare Department of the Construction and General Laborers' District Council of

Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds (collectively "Funds"),

by their attorney, Patrick T. Wallace, and hereby moves this Court to reinstate this case and

confess judgment against Defendants Glenar Construction, Inc. (hereinafter the "Company" or

"Glenar") and Tom Newcomer. In support of this Motion, Plaintiffs state as follows:

1.      This case was dismissed pursuant to the terms of the Settlement Agreement which

incorporated in relevant part an Installment Note and Guaranty of Payment and Indemnification.

The Court dismissed the case pursuant to the Agreed Dismissal Order filed by the parties

retaining jurisdiction to enforce the terms of the settlement through March 30, 2008. True and

accurate copies of the Agreed Dismissal Order signed by the parties, the Installment Note, and

Guaranty of Payment and Indemnification are attached hereto as Group Exhibit A.

2.    Defendant Glenar has failed to submit payment of its January and February 2008 installments due on the Note.  Accordingly, the Company owes $3,377.86 on the Note.  In addition, the Company owes liquidated damages of 20% on the late payments totaling $675.56 in accordance with Paragraph 9 of the Note.

3.    Accordingly, Plaintiffs respectfully request that this Court reinstate the case, enter judgment in favor of the Funds and against Glenar Construction, Inc. and Tom Newcomer in the amount of $4,053.42.

WHEREFORE, Plaintiffs respectfully request that this Court reinstate the case, enter judgment in favor of the Funds and against Defendants Glenar Construction, Inc. and Tom Newcomer in the amount of $4,053.42.

March 25, 2008                                    Respectfully submitted,

                                                  Laborers' Pension and Welfare Funds, et al.


                                                  By: /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6710 | **DATE** | 5/10/2007 |
| **CASE TITLE** | Laborers' Pension vs. Glenar Construction | | |

**DOCKET ENTRY TEXT**

Case is dismissed pursuant to Settlement Agreement, and Agreed Order of Dismissal. Clerk of Court is directed to terminate all pending motions and deadlines.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | OR |
|---|---|---|
| | | |

06C6710 Laborers' Pension vs. Glenar Construction


EXHIBIT
A
tabbies®

Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.:    06 C 6710 |
| v. | ) ) | Judge Kennelly |
| GLENAR CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

### AGREED ORDER OF DISMISSAL

The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement.

IT IS HEREBY ORDERED:

1.     The parties shall comply with the terms of their settlement agreement entered into on _____, the terms of which settlement are incorporated herein by reference as fully set forth in the attached Installment Note, Guaranty of Payment and Indemnification, and Commercial Security Agreement. Tom Newcomer shall be added as a Defendant waiving service of Summons and Complaint and the terms of the Settlement shall be enforced against Defendant Glenar Construction, Inc. and Tom Newcomer.

2.     By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement through March 30, 2008.

3.    This Agreed Order of Dismissal is entered without prejudice in order to allow the Court to enforce the settlement agreement. However, the parties are barred from relitigating any claims raised in this litigation or any claims released by means of the settlement agreement. The parties further agree because Settlement was reached on the basis of reports submitted by the Company, the matter shall be dismissed without prejudice to the Funds' right to conduct an audit of Defendant Glenar Construction, Inc.'s books and records for the period of April 1, 2006 forward and to collect any additional amounts revealed as due and owing therein.

4.    Each party shall bear its own attorneys' fees and expenses except as provided expressly under the terms of the attached settlement documents.

Date:  May 10, 2007                    Entered:

_____

Hon. Matthew F. Kennelly
United States District Court Judge

AGREED TO:

Laborers' Pension Fund, et al.

By: _____
        Patrick T. Wallace

Office of Fund Counsel
53 W. Jackson Blvd., Suite 550
Chicago, IL  60604
(312) 692-1540

2

AGREED TO:

Glenar Construction, Inc.

By: _____
            Tom Newcomer

Glenar Construction, Inc.
1766 Long Valley Road
Glenview, IL  60025
847-729-7066

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and | ) | |
| LABORERS' WELFARE FUND OF THE | ) | |
| HEALTH AND WELFARE DEPARTMENT | ) | |
| OF THE CONSTRUCTION AND GENERAL | ) | |
| LABORERS' DISTRICT COUNCIL OF | ) | |
| CHICAGO AND VICINITY, and JAMES S. | ) | |
| JORGENSEN, Administrator of the Funds, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 06 C 6710 |
| v. | ) | |
| | ) | Judge Kennelly |
| GLENAR CONSTRUCTION, INC., an | ) | |
| Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED ORDER OF DISMISSAL

The parties hereby agree that this case has been settled and that all issues and

controversies have been resolved to their mutual satisfaction. The parties request the Court to

retain jurisdiction to enforce the terms of their settlement agreement.

IT IS HEREBY ORDERED:

1.      The parties shall comply with the terms of their settlement agreement entered into

on _May 9 2007_, the terms of which settlement are incorporated herein by

reference as fully set forth in the attached Installment Note, Guaranty of Payment and

Indemnification, and Commercial Security Agreement.   Tom Newcomer shall be added as a

Defendant waiving service of Summons and Complaint and the terms of the Settlement shall be

enforced against Defendant Glenar Construction, Inc. and Tom Newcomer.

2.      By consent of the parties, the Court shall retain jurisdiction for the purpose of

enforcing the terms of the settlement agreement through March 30, 2008.

3.     This Agreed Order of Dismissal is entered without prejudice in order to allow the Court to enforce the settlement agreement. However, the parties are barred from relitigating any claims raised in this litigation or any claims released by means of the settlement agreement. The parties further agree because Settlement was reached on the basis of reports submitted by the Company, the matter shall be dismissed without prejudice to the Funds' right to conduct an audit of Defendant Glenar Construction, Inc.'s books and records for the period of April 1, 2006 forward and to collect any additional amounts revealed as due and owing therein.

4.     Each party shall bear its own attorneys' fees and expenses except as provided expressly under the terms of the attached settlement documents.

Date:                                          Entered:


                                               _____
                                               Hon. Matthew F. Kennelly
                                               United States District Court Judge

                                               AGREED TO:

                                               Laborers' Pension Fund, et al.

                                               By: _Patrick T Wallace_
                                                   Patrick T. Wallace

Office of Fund Counsel
53 W. Jackson Blvd., Suite 550
Chicago, IL  60604
(312) 692-1540

AGREED TO:

Glenar Construction, Inc.

By: _Tom Newcomer – Pres._
      Tom Newcomer

Glenar Construction, Inc.
1766 Long Valley Road
Glenview, IL 60025
847-729-7066

This Installment Note ("Note") is made between the Laborers' Pension Fund ("Pension Fund") and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity ("Health and Welfare Fund" or collectively the "Funds"), the parties of the first part, and Glenar Construction (the "Company"), the party of the second part.

WHEREAS, the Company has at all relevant times been party to a collective bargaining agreement ("CBA") with the Construction and General Laborers' District Council of Chicago and Vicinity, whereunder it is obligated to make certain contributions to the above-named Funds, as well as to the Training Fund, on behalf of its covered employees, and to submit payment of all employee union dues;

WHEREAS, the Company has failed to timely pay certain contributions owed to the Funds for the audit period of April 1, 2004 thru September 30, 1996 and reports October 2006 thru December 2006.

WHEREAS, the Company has failed to remit all employee union dues to the Funds, as the designated collection agent for the Construction and General Laborers' District Council of Chicago and Vicinity, for the audit period of April 1, 2004 thru September 30, 1996 and reports October 2006 thru December 2006.

WHEREAS, the Company desires to pay all delinquencies owed to the Funds, to pay all union dues owed to the Construction and General Laborers' District Council of Chicago and Vicinity, together with liquidated damages, and interest, as set forth below and further desires to remain current in its obligation to pay contributions to the Funds.

THE PARTIES HEREBY AGREE as follows:

1. The Company will pay $10,538.01 to the Health and Welfare Fund (comprised of $5,759.15 in delinquent contributions, $1,987.41 in liquidated damages, $1,445.05 in attorneys fees and costs, $604.79 in audit costs and $741.61 in interest) (based on an interest rate of 10.25%). The Company will also pay $7,345.35 to the Pension Fund (comprised of $5,516.63 in delinquent contributions, $1,345.14 in liquidated damages, $1,445.05 in attorneys fees and costs, $604.78 in audit costs and $433.75 in interest). All of these amounts shall be paid according to the schedule described below in paragraphs 5 and 6.

2. The Company will also pay $166.64 to the Training Fund (comprised of $139.35 in delinquent contributions, $13.94 in liquidated damages and $13.35 in interest), $432.59 to the CCA Fund (comprised of $360.20 in delinquent contributions, $36.02 in liquidated damages and $36.37 in interest), $370.73 to the LECET Fund (comprised of $308.70 in delinquent contributions, $30.87 in liquidated damages and $31.16 in interest), $741.41 to the LDCMC Fund (comprised of $617.37 in delinquent contributions, $61.74 in liquidated damages and $62.30 in interest) and $3,058.46 in union dues (comprised of $2,766.33 in delinquent contributions and $292.13 in liquidated damages). These delinquent amounts shall be paid in their entirety at the time payment under this Note commences, in accordance with the schedule described in paragraph 6.

3. The Company will also pay the Funds or the sum of $2,890.10 representing attorney fees and costs incurred by the Funds in Case No. 06 C 6710. This amount is split equally between Welfare and Pension as described in paragraph 1 above.

4. The company will also pay the Funds the sum of $1,209.57 in audit costs. This amount split equally between Welfare and Pension as described in paragraph 1 above.

5. Simultaneously with the execution of this Note, the Company will pay twenty percent (20%) of the total outstanding indebtedness, excluding note interest and the delinquent amounts described above in paragraph 2, or $1,652.22 to the Health and Welfare Fund and $1,030.77 to the Pension Fund.

6. For nine (9) consecutive months commencing on June 1, 2007 and ending on February 1, 2008, the Company will pay $987.31 per month to the Health and Welfare Fund and $701.62 per month to the Pension Fund.

7. The Company will remit all payments to the Funds' Administrative Offices, which are located at 11465 Cermak Road, Westchester, Illinois 60154.

8. The Company understands and agrees that this Installment Note is based on reports submitted by the Company to the Funds and that the Funds reserve the right to conduct an audit, in accordance with the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, to determine benefit contribution compliance for the time period covered herein and further reserve the right to collect any unpaid contributions, union dues, interest, liquidated damages, and audit costs as shown on said audit.

the CBA and the Fund's respective Agreements and Declarations of Trust. If the contributions are not paid by the 10th day following the date on which payment should have been received, the contribution shall be considered delinquent and all charges which apply to the late payment of contributions under the terms of the CBA and the Fund's respective agreements and Declarations of Trust shall apply, including, but not limited to, the assessment of interest and liquidated damages. Further, in the event the Company fails to timely make any payments described in this Note. All amounts described in paragraph 1 herein shall immediately become due on the 10th day following the date on which payment should have been received by the Fund's under the terms of this Note. In such event the Company further agrees to pay all attorney fees and costs incurred by the Funds in any action to enforce any part or all of this note.

10. This Installment Note is conditioned on the Company's staying current on its obligations to the Funds under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust. In the event that the Company fails to maintain its obligations under the terms of the collective bargaining agreement and the Funds' respective Agreements and Declarations of Trust, including, but no limited to, its obligations to submit timely contribution reports and to make timely contribution payments by the tenth day following the month in which laborers' work was performed, then the Funds shall have the right to accelerate and collect all amounts due under this Installment Note, plus payment of all attorneys' fees and costs incurred by the Funds in any action to accelerate this Installment Note.

11. The Company further agrees to obtain and maintain a surety bond to insure the payment of wages and benefit contributions as required under the terms of the CBA.

12. The Company shall have the right to prepay the entire amount due under the Note prior to the date upon which payment is due without penalty and without payment of any precalculated Note interest that has not accrued as of the date full payment has been made.

The Parties hereby agree to these terms by their execution hereof on the X 3rd D day of the X MAY, 2007.

Glenar Construction

By: X Tom Newcomer

Title: X PRESIDENT – GLENAR Const. Inc .

Laborers' Pension Fund

By: Dan S. Nguen

Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity.

By: Dan S. Nguen

# GUARANTY OF PAYMENT AND INDEMNIFICATION

This Guaranty ("Guaranty") is made as of X M/by 3, 2007 by the undersigned, X Tom Newcomer , (the "Guarantor"), to and for the benefit of the LABORERS' PENSION FUND AND THE LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY (collectively, the "Funds").

WHEREAS, **Glenar Construction** (the "Company") has agreed to pay a total of **$22,653.19** to the Funds in settlement of the alleged delinquent contributions owed to the Funds and to be paid under the terms of a Settlement Agreement and Installment Note ("Note").

WHEREAS, the Funds are unwilling to enter into the Note unless the guarantor executes this Guaranty: and

WHEREAS, the Guarantor has a financial interest in the Company and will be benefited by the Note;

NOW WHEREAS, in consideration of the foregoing, the Guarantor agrees as follows:

1. <u>Guaranty of Payment and Indemnification.</u> The undersigned guarantees, absolutely and unconditionally: (a) the payment when due of the entire principal indebtedness and all interest evidenced by the Note during the nine (9) month payment period including interest and liquidated damages for late or unpaid payments due on the note; and (b) the full and complete payment of any and all fees and costs incurred pursuant to default under terms of the Note, whether litigation is involved or not, and if involved, whether at the trial or appellate levels or in pre- or post-judgement bankruptcy proceedings in enforcing or realizing upon the obligations of the Guarantor hereunder (the obligations of Guarantor under this Paragraph 1 are collectively hereinafter referred to as the "Obligations"). The Guarantor also agrees to be personally liable for all monthly benefit contributions and/or union dues owed from the Company to the Funds, the District Council and all ancillary funds that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

2. <u>Continuing Guaranty.</u> This Guaranty shall be a continuing Guaranty, and shall not be discharged, impaired or affected by; (a) the existence or continuance of any obligation on the party of the Company with respect to the Note; (b) any forbearance or extension of the time of payment of the Note; (c) the validity or invalidity of the Note; (d) any defenses whatsoever that the Company or any of the party thereto may have to the performance or observance of any term, covenant or condition contained in the Note; (e) the existence or non-existence of the Company as a legal entity; (f) any limitation or exculpation of (other than the payment and performance in full of all of the Company's Obligations) that Guarantor may have as to his undertakings, liabilities and obligations hereunder, including any defenses based upon any legal disability of the Company or any discharge or limitation of the disability of the Company, whether consensual or arising by operation of law or any bankruptcy, insolvency or debtor-relief proceeding, or from any other cause, each and every such defense being hereby waived by the Guarantor.

3. <u>Waivers.</u> Guarantor waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time of payment, notice of acceptance of this Guaranty, non-payment at maturity and indulgences and notices of every kind not provided for under this Guaranty. It is the intention of this Guaranty that Guarantor shall remain liable as principal, notwithstanding any act, omission or thing which otherwise operate as a legal or equitable discharge of Guarantor, until all of the Company's obligations shall have been fully paid and performed.

4. <u>Subrogation.</u> Notwithstanding anything to the contrary elsewhere contained herein or in the Note, the guarantor expressly waive with respect to the Company any and all rights at law or in equity to subrogation, to reimbursement, to exoneration, to contribution, to set off or to any other rights that could accrue to a surety against a principal, to the Guarantor against a maker or obligor, to an accommodation party against the party accommodated, or to a holder or transferee against a maker, and which the guarantor may have or hereafter acquire against the Company in connection with or as a result of Guarantor's execution, delivery and/or performance of this Guaranty or the Note.

-1-



The Guarantor agrees that he or she shall not have or assert any such rights against the Company or its successors and assigns or any other period (including and surety), either directly or as an attempted set off to any action commenced against the Guarantor by the Company (as borrower or in any other capacity) or any other person.

5. <u>Independent Obligations.</u> The Funds may enforce this Guaranty without first resorting to or without first having recourse to the Note; provided, however, that nothing herein contained shall preclude the Funds form suing on the Note or from exercising any other rights; and the Funds shall note be required to institute or prosecute proceedings to recover any deficiency as a condition of any payment hereunder or enforcement hereof.

6. <u>Acceleration.</u> In the event that payments due under the Note shall be accelerated, the Guarantor's obligations hereunder shall also be accelerated without further notice from the Funds.

7. <u>Effect of Bankruptcy.</u> This Guaranty shall continue in full force and effect notwithstanding the institution by or against the Company of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the disaffirmance of the Note in any such proceedings, or others.

8. <u>Termination.</u> This Guaranty shall remain in full force and effect as to the Guarantor until all of the Companys' Obligations under the Note outstanding shall be finally and irrevocably paid in full. Payment of all of the Company's Obligations form time to time shall not operate as a discontinuance of this Guaranty. If after receipt of any payment of all or any part of the Company's Obligations, the Funds are for any reason compelled to surrender such payment to any person or entity, because such payment is determined to be void or voidable as a preference, impermissible set off, or a diversion of trust fund, or for any reason, this Guaranty shall continue in full force notwithstanding any contract action which may have been taken by the Funds in reliance upon such payment, and any such contrary action so taken shall be without prejudice to the Funds' rights under this Guaranty and shall be deemed to have been conditioned upon such payment having become final and irrevocable.

9. <u>The Company's Financial Condition.</u> The guarantor assumes full responsibility for keeping fully informed of the Company's financial condition and all other circumstances affecting the Company's ability to perform its Obligations, and agree that the Funds will have no duty to report to Guarantor any information which the Funds receive about the Company's financial condition or any circumstances bearing on its ability to perform.

10. <u>Expenses.</u> The undersigned agrees to pay and reimburse the Funds for all cost and attorney's fees, which they may expend or incur in the enforcement of this Guaranty or any of the Company's Obligations under the Note.

11. <u>Delay, Cumulative Remedies.</u> No delay or failure by the Funds to exercise any right to remedy against the Company or Guarantor will be construed as a waiver of that right or remedy. All remedies of the Funds against the Company and the Guarantor are cumulative.

12. <u>Binding Effect.</u> This guaranty shall incur to the benefit of and may be enforced by the Funds, and shall be binding upon and enforceable against the Guarantor and Guarantor's heirs, legal representatives, successors and assigns. In the event of the death of the Guarantor, the obligations of such deceased Guarantor shall continue in full force and effect against his estate, personal representatives, successors and assigns. Without limiting the generality of the foregoing, the Funds (or their successors and assigns) may from time to time and without notice to undersigned, assign any and all of their rights under this Guaranty without in any way affecting or diminishing the obligations of the undersigned hereunder, who shall continue to remain bound by the obligated to perform under and with respect to this Guaranty as though there had been no such assignment.

14. <u>Warranties.</u> Guarantor makes to the Funds the following representations and warranties:

(a) <u>Authorization.</u> Guarantor has full right, power and authorization to enter into this Guaranty and carry out his obligations hereunder

(b) <u>No Conflict.</u> The execution, delivery and performance by Guarantor of this Guaranty will not violate or be in conflict with, results in a breach of, or constitute a default under, any indenture, agreement or any other

instrument to which Guarantor is a party or by which Guarantor or any of his assets or properties is bound, or any order, writ, injunction or decree of any court or governmental institute.

(c) Litigation. There are no actions, suits or proceedings pending, or to the knowledge of Guarantor, threatened against or adversely affecting any Guarantor at law or in equity or before or by governmental agency or instrumentality which involve any of the transactions herein contemplated, or the possibility of any judgement or liability which may result in any material and adverse change in the financial condition of any Guarantor. Guarantor is not in default with respect to any judgment, order, writ, injunction, decree, rule or regulation of any court.

(d) Enforceability. This guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally.

15. Notices. All notices or other communications required or permitted hereunder shall be (a) in writing and shall be deemed to be given when either (I) delivered in period, (II) three (3) days after deposit in a regularly maintained receptacle of the United States mail as registered or Certified mail, postage prepaid, (III) when received if sent by private courier service, or (IV) on the day on which Guarantor refuses delivery by mail or by private courier service, and (b) addressed as follows:

In Case of Guarantor

_____
_____
_____

In Case of the Funds:

Collection Counsel
Patrick T Wallace
Laborers Pension & Welfare Fund
Sub Office
53 W Jackson Blvd
Suite 550
Chicago IL 60604-3607

or such other addresses as may from time to time be designated by the party to be addressed by notice to the other in the manner hereinabove provided. The Funds will use their best efforts to send courtesy copies of notices provided hereunder to Guarantor's attorney, _____. But the failure by the Funds to send courtesy copies to Guarantor's attorney shall not limit or restrict the Funds' rights under this Guaranty in any manner nor relieve Guarantor of any obligations under this guaranty.

16. Additional Waivers. Guarantor expressly and unconditionally waives, in connection with any suit, action or proceeding brought by the Funds on this Guaranty, any and every right he or she may have to (I) injunctive relief, (II) a trial by jury, (III) interpose any counterclaim therein and (IV) seek to have the same consolidated with any other or separate suit, action or proceeding.

17. Severability. If all or any portion of any provision of this Guaranty is declared or found by a court of competent jurisdiction to be unenforceable or null and void, such provision or portion thereof shall be deemed stricken and severed from this Guaranty and the remaining provisions and portions hereof shall continue in full force and effect.

18. Applicable Law; Venue. This Guaranty and the transactions evidenced hereby shall be construed and interpreted under the laws of the State of Illinois. Guarantor, in order to induce the Funds to accept this Guaranty and inter into the loan agreement, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at the Fund's sole discretion and election, only in courts having a situs within the county of Cook, State of Illinois, Eastern Division. Guarantor hereby waives any right he or

3

she may have to transfer or change the venue or any litigation brought against him by the Funds on this agreement in accordance with this paragraph.

19. <u>Time is of the Essence.</u> Time is of the essence of this Guaranty as to the performance of the undersigned.

20. <u>Death of a Guarantor.</u> In the event of the death of Guarantor, the Funds shall have the right to accelerate the indebtedness evidenced by the Note unless, within sixty (60) days of his death, Guarantor's estate assumes his obligations hereunder by an instrument satisfactory to the Funds and delivers to the Funds security for performance of such obligations satisfactory to the Funds.

IN WITNESS WHEREOF, the undersigned Guarantor has executed this instrument as of the date and year first above written.

X _Terri Newcomer_____     _____     _____     _____

X _____
Social Security Number         Social Security Number      Social Security Number      Social Security Number

X Date: 5-3-01 _____

APPROVED AS TO FORM AND SUBSTANCE
ON BEHALF OF GUARANTOR:

_____

Dated: _____

4

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing Emergency Motion to Reinstate and Confess Judgment to be served upon the following persons via UPS Overnight and facsimile (as noted) this 25th day of March 2008.

Glenar Construction, Inc.
c/o John H. Winand, Registered Agent
800 Waukegan Road, #202
Glenview, IL 60025
Via UPS Overnight

Tom Newcomer
Glenar Construction
1766 Long Valley Road
Glenview, IL 60025
847-729-7066
Fax: 847-729-7155
Via Fax and UPS Overnight

/s/ Patrick T. Wallace